Piao v. Holder

BIA
Nelson, IJ
A093 448 085

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

ZHEN YU PIAO, AKA ZHEN YU PU,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

11-3582-ag
NAC

FOR PETITIONER: Jie Han, New York, New York.

FOR RESPONDENT: Stuart F. Delery, Acing Assistant Attorney General; Jennifer Lightbody, Senior Litigation Counsel; Channah M. Farber, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Yu Piao, a native and citizen of the People's Republic of China, seeks review of an August 5, 2011, order of the BIA affirming the February 25, 2010, decision of an Immigration Judge ("IJ") denying Piao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Yu Piao*, No. A093 448 085 (B.I.A. Aug. 5, 2011), *aff'g* No. A093 448 085 (Immig. Ct. N.Y. City Feb. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, "the BIA agrees with an IJ's adverse credibility determination and adopts particular parts of the IJ's reasoning, we review the decisions of both the BIA and the IJ." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Piao challenges only the denial of withholding of removal, we do

2

not address the agency's denial of asylum and CAT relief.

The agency reasonably concluded that Piao's testimony was not credible based on inconsistencies between her written statements and testimony regarding the reason for her delay in filing her asylum application and the circumstances of her abortion. While her asylum application stated that she did not file for asylum in 2005 because she was unaware that such relief existed, she testified that she had hired an attorney in 2004 or 2005 to file an application. Additionally, her written statement indicated that she suffered an abortion immediately after a medical test discovered that she was pregnant and against her will, while she testified that the abortion occurred two days later and she consented to it (when her job was threatened). Moreover, the IJ reasonably noted that the written statement omitted Piao's allegation that she was given an IUD to wear after the abortion, something which Piao testified to before the IJ. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent").

3

These inconsistencies provide substantial evidence in support of the agency's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C). Because Piao was not credible, the agency did not err in denying her application for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).[1]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We note that the brief submitted by Piao's attorney, Jie Han, is cursory at best and barely challenges the agency's decision. Instead, it simply asserts, without explanation, that the record did not support the inconsistencies identified by the IJ. The brief did not give the "reasons for [Piao's contentions], with citations to the authorities and parts of the record on which [Piao] relies." Fed. R. App. P. 28(a)(9)(A). Future briefing of this quality may result in discipline.

4